Opinion filed January 21, 2010











 
 
  
 
 







 
 
  
 
 




Opinion filed January 21,
2010

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-07-00381-CR

                                                    __________

 

                                      ISABEL ESPINOZA, Appellant

 

                                                             V.

 

                                         STATE
OF TEXAS, Appellee

 



 

                                         On
Appeal from the 106th District Court

 

                                                         Dawson
County, Texas

 

                                                  Trial
Court Cause No. 06-6493

 



 

                                              M E
M O R A N D U M   O P I N I O N

The
jury convicted Isabel Espinoza of indecency with his granddaughter and assessed
his punishment at confinement for ten years.[1] 
We affirm.

Appellant
contends that the evidence is both legally and factually insufficient to
support the conviction.  Specifically, appellant argues that there Ais simply no evidence from
which the jury could convict appellant.@








In
order to determine if the evidence is legally sufficient, the appellate court
reviews all of the evidence in the light most favorable to the verdict and
determines whether any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt.  Jackson v. Virginia,
443 U.S. 307, 319 (1979); Laster v. State, 275 S.W.3d 512, 517-18 (Tex.
Crim. App. 2009); Jackson v. State, 17 S.W.3d 664, 667 (Tex. Crim. App.
2000).  To determine if the evidence is factually sufficient, the appellate
court reviews all of the evidence in a neutral light.  Laster, 275
S.W.3d at 519; Watson v. State, 204 S.W.3d 404, 414 (Tex. Crim. App.
2006); Johnson v. State, 23 S.W.3d 1, 10-11 (Tex. Crim. App. 2000);
Cain v. State, 958 S.W.2d 404, 407-08 (Tex. Crim. App. 1997); Clewis v.
State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996).  Then, the reviewing
court determines whether the evidence supporting the verdict is so weak that
the verdict is clearly wrong and manifestly unjust or whether the verdict is
against the great weight and preponderance of the conflicting evidence.  Watson,
204 S.W.3d at 414-15; Johnson, 23 S.W.3d at 10-11.

The
record reflects that Bonnie Acosta was a counselor for the Lamesa Independent
School District.  Acosta testified that each victim told her about appellant=s sexual advances and
activity.  Appellant=s
granddaughter told her that appellant had touched her on her breasts and in her
crotch area and showed her the Ahickeys@ appellant had given her
when he kissed her.  The granddaughter stated that appellant usually touched
her when her grandmother was at work.

Acosta
stated that she met with the victim six times.  Acosta testified that the
victim never recanted her claim of sexual contact.  After Acosta filed her
report, the victim came to see her because the victim was upset that she would
be placed in foster care.

Patricia
Ann Salazar, a sexual assault nurse examiner with the pediatrics unit at Texas
Tech Physicians, testified that she performed a sexual assault examination on
the victim in this appeal.  The victim told Salazar that appellant had told her
that he was going to have Afull
sex@ with both her and
her female cousin when the girls turned twelve.  The victim told Salazar that
appellant had touched her Aprivate.@  The victim did not
mention anything about hickeys to her.  Salazar found a Askin tag@
at the base of the victim=s
hymen.  While the skin tag was Aabnormal@ and a Asuspicious finding@ in light of the history,
Salazar could not determine if the skin tag was from sexual abuse.








Appellant
testified in his own behalf that he had never sexually abused either of the
victims or any other child.  Appellant stated that both victims were angry with
him and had originally blamed his son (the father of this victim in this appeal
and the stepfather of the victim in Cause No. 11-07-00381-CR).

The
victim in this appeal testified as a witness for appellant.  She stated she was
lying when she accused appellant of putting hickeys on her and touching her. 
She did not remember telling Salazar that appellant had touched her.  She
stated that she lied because she did not want her father (appellant=s son) to marry the other
victim=s mother.

The
appellate court reviews the factfinder=s
weighing of the evidence and cannot substitute its judgment for that of the
factfinder.  Cain, 958 S.W.2d at 407; Clewis; 922 S.W.2d at 133. 
Due deference must be given to the factfinder=s
determination, particularly concerning the weight and credibility of the
evidence.  Johnson, 23 S.W.3d at 9; Jones v. State, 944 S.W.2d
642 (Tex. Crim. App. 1996).  The jury, as the finder of fact, is the sole judge
of the weight and credibility of the witnesses=
testimony.  Tex. Code Crim.
Proc. Ann. art. 36.13 (Vernon 2007), art. 38.04 (Vernon 1979).  This
court has the authority to disagree with the factfinder=s determination Aonly
when the record clearly indicates such a step is necessary to arrest the
occurrence of a manifest injustice.@ 
Johnson, 23 S.W.3d at 9.  While the verdict is afforded less deference
under a factual sufficiency review, the appellate court is not free to override
the verdict simply because the appellate court disagrees with it.  Laster,
275 S.W.3d at 520.

Acosta
and Salazar both testified that the victim reported inappropriate sexual
behavior by appellant toward her.  The very fact alone that the victim, who was
appellant=s
granddaughter, recanted her outcries at appellant=s
trial does not establish insufficient evidence.  As stated above, the jury was
the sole judge of the witnesses=
testimony and could believe all, some, or none of any witness=s testimony.  This court
may not substitute its weighing of the credibility of the witnesses for  the
jury=s.

When
viewed in a neutral light, we find that the evidence supporting the verdict is
not so weak that the verdict is clearly wrong and manifestly unjust and that
the verdict is not against the great weight and preponderance of the
conflicting evidence.  Further, we find that, when viewed in the light most
favorable to the verdict,  a rational trier of fact could have found the
essential elements of the offense beyond a reasonable doubt.  The evidence is
both factually and legally sufficient to support the conviction.  Appellant=s second issue is
overruled.








In
his first issue on appeal, appellant contends that the trial court erred in
admitting the testimony of his nephew who stated that appellant had sexually
assaulted him.  Appellant argues that evidence of this extraneous offense was
not relevant to the present case and was too remote and that the issues of his
identity and intent were not in issue. Because appellant testified that he
never sexually assaulted the victim and because his defense at trial was that
the victim had a motive to fabricate the assault, appellant argues that the
trial court abused its discretion in admitting the testimony.  

When
appellant testified in his own behalf, he stated that he Aused to drink a lot@ and that he had a Afew@ DWIs from when he was younger.  Appellant
further stated that, at least to his knowledge, he did not think he had been
convicted of a felony.  He explained that he had turned himself in because he
had heard that a policeman was looking for him.

On
cross-examination, the State questioned appellant about his prior DWIs and
asked him if he remembered Asmacking
around Joe Salas with a lug wrench, wounding him.@ 
When appellant stated that he did not know Joe, the State showed appellant a
copy of the 1966 Dawson County judgment convicting him in Cause No. 7930 of the
aggravated assault of Joe Salas with a lug wrench.  Appellant explained that,
while he was the same person convicted of the offense in the 1966 judgment, he
never hit the man and that he was not guilty even though he had entered a
guilty plea.  Appellant stated that, in 1966, he had turned himself in because
the authorities were looking for him.  He also stated that he did not know if
he had been convicted of the crime.

The
State then questioned appellant concerning the offenses that appellant was
presently on trial for and asked if he remembered threatening or touching
either victim.  When appellant continually denied touching or threatening
either victim, the State asked if he remembered an occasion back in 1974 when
he had sexually assaulted his nephew.  Appellant=s
counsel immediately objected, and the trial court conducted a hearing outside
the presence of the jury.








At
the hearing, the nephew testified concerning inappropriate sexual touching by
appellant.  Counsel for appellant cross-examined him.  The trial court
explained its balancing of the probative value with the prejudicial effect of
the testimony and concluded that the evidence was admissible to rebut appellant=s defensive theory that
both victims had fabricated their accusations and was relevant and probative to
a material issue other than appellant=s
character.  The trial court noted that defense counsel had questioned the voir
dire panel extensively concerning children fabricating stories.  The trial
court limited the admission of the testimony to the State=s rebuttal evidence and
stated that a limiting instruction would be given.  When cross-examination of
appellant continued in the presence of the jury, appellant denied sexually
assaulting any child.

On
redirect, appellant testified that he had not been arrested or accused of Aany crime@ since 1990 and that he did
not remember any arrests or accusations from the 1980s.  On recross, the State
asked appellant if he remembered his 1986 and 1988 convictions.  He also stated
that he did not remember being placed in jail two years prior to this trial and
that he was having a Alittle
bit of a bad time recollecting@
since he had had a stroke while he was in the jail in Brownfield.  His trial
counsel then had appellant explain his various medical problems, including
impotence, high blood pressure, and a hiatal hernia.

After
appellant rested his case, the State called three rebuttal witnesses, including
appellant=s nephew. 
Appellant=s nephew
testified that, when he was a child, he would play with appellant=s children at appellant=s home.  When he was around
ten years old, appellant began touching him.  His nephew stated that he woke up
when appellant was rubbing his penis.  Appellant would expose himself and make
his nephew touch him.  His nephew stated that he was scared when these things
happened.  The first time, his nephew cried, and appellant told him to be quiet
and not wake up appellant=s
wife.  The second time, appellant covered his nephew=s mouth and threatened to hurt his nephew=s parents.  The third time,
appellant offered his nephew money not to say anything.  Appellant=s nephew testified that he
did not go back to appellant=s
home after the third time and that he blocked out any memory of the incidences
for years.

Tex. R. Evid. 404(b) provides that
evidence of extraneous offenses are admissible only for purposes other than to
prove that a person acted in conformity to his character.   Moses v. State,
105 S.W.3d 622, 626 (Tex. Crim. App. 2003); Montgomery v. State, 810 S.W.2d
372, 387-88 (Tex. Crim. App. 1991).  Under Rule 404(b), such purposes include
motive, opportunity, intent, preparation, plan, knowledge, identity, or absence
of mistake or accident.  The Texas Court of Criminal Appeals has found that
extraneous offenses are admissible to rebut a defensive theory of fabrication
or retaliation.  Moses, 105 S.W.3d at 627; Wheeler v. State, 67
S.W.3d 879, 887-88 (Tex. Crim. App. 2002).








The
trial court=s decision
to admit evidence of an extraneous offense will not be disturbed on appeal
absent an abuse of discretion.  Moses, 105 S.W.3d at 627; Montgomery,
810 S.W.2d at 391.  The appellate court is prohibited from conducting a de novo
review of the record to make its own independent determination of the
admissibility of the evidence.  Id.  Therefore, as long as the trial
court=s ruling is
within the zone of reasonableness, the appellate court will affirm.  Id.

We
disagree with appellant that the trial court abused its discretion.  We cannot
say that the ruling to allow the nephew=s
testimony was outside the zone of reasonableness.  Appellant=s defense was that both
victims were fabricating their accusations.  We also disagree with appellant=s argument that any
remoteness of the extraneous offense automatically makes the testimony
irrelevant under Tex. R. Evid.
401.  The first issue is overruled.

The
judgment of the trial court is affirmed.

 

PER CURIAM                                     

January 21, 2010

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









[1]In the same trial, appellant was convicted of the aggravated
sexual assault of his step-grandson.  That conviction has been affirmed this
same day in Cause No. 11-07-00382-CR.